IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10482
Conference Calendar
_____

KEVIN NEAL GLASPIE,

Plaintiff-Appellant,

versus

DARWIN D. SANDERS, Warden;
MR. STEWART, Safety officer;
DONALDSON, Doctor,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:94-CV-171
- - - - - - - - - -

(October 18, 1995)

Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

To state a medical claim cognizable under 42 U.S.C. § 1983,
a convicted prisoner must allege acts or omissions sufficiently
harmful to evidence a deliberate indifference to serious medical
needs.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Unsuccessful
medical treatment, negligence, neglect, and even medical

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

malpractice do not establish an Eighth Amendment violation. Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).

Following his accident, Texas state prisoner Kevin Neal Glaspie was examined at Coronado Hospital and x-rays were taken. He received the prescribed heat treatments and medication for his back injury. Although he argues that the treatment did not relieve the pain, his dissatisfaction with the treatment is insufficient to allege an Eighth Amendment claim. See Varnado, 920 F.2d at 321.

For the first time on appeal Glaspie alleges that the shower stalls are unsafe, and that he was denied due process during the disciplinary proceedings. This court need not address issues not considered by the district court. "[I]ssues raised for the first time on appeal are not reviewable by this court unless they involve purely legal questions and failure to consider them would result in manifest injustice." Varnado, 920 F.2d at 321.

This appeal is without arguable merit and thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it will be dismissed. 5th Cir. R. 42.2. We caution Glaspie that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Glaspie is further cautioned to review all pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

Appeal DISMISSED. Motion for emergency relief DENIED.